# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAUL M. McMANUS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | Case No. 1:07-cv-1483-TWP-MJD |
| BILL WILSON, Superintendent, | ) ) ) | |
| Respondent. | ) ) | |

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

This matter is before the Court on Petitioner Paul M. McManus' ("Mr. McManus") Motion to Alter or Amend Judgment (Dkt. 55). For the reasons explained in this Entry, the Motion to Alter or Amend Judgment will be **DENIED**.

## I. Background

Mr. McManus sought a writ of habeas corpus with respect to his convictions and death sentence imposed by an Indiana state court. His petition was denied on March 31, 2011, with an *Amended Entry* issued on April 1, 2011 (Dkt. 50). *McManus v. Wilson,* 2011 WL 1257969 (S.D.Ind. 2011). Judgment was entered on the clerk's docket on March 31, 2011.

Mr. McManus filed a Motion to Alter or Amend Judgment on April 26, 2011. The Respondent, Bill Wilson, in his official capacity as the Superintendent ("the Superintendent") has opposed the post-judgment motion and Mr. McManus has replied.

## II. Discussion

### A. Legal Standard

The Motion to Alter or Amend Judgment is treated as labeled, pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time frame contemplated by Rule

59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) (a Rule 59(e) motion is proper where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension").

It is by no means clear that the motion to alter or amend judgment seeks relief actually within the scope of Rule 59(e). *U.S. v. ITT Educational Services, Inc.*, 2012 WL 266943, *8 (S.D.Ind. 2012) (arguments that a court was in error on the issues it already considered should be directed to the court of appeals)(citing *Refrigeration Sales Co., Inc. v. Mitchell–Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill. 1983)). This court's determination can hardly be thought to be outside the adversarial issues presented to the court by the parties. *See Holmes v. Buss*, 506 F.3d 576, 579 (7th Cir. 2007) ("Federal habeas corpus happens to be one of the most complex areas of American law."). Nonetheless, because of the court's unfortunate reference in its analysis to the role of *res judicata*, a further examination of the post-judgment motion will be made.

**B.     McManus Claims**

Mr. McManus presented several claims in his original habeas petition. The first two

claims were that (1) he was incompetent at the time of trial due to ingesting medication, and (2) he was forced to appear before the jury in a "drug-induced stupor."

Before trial, Mr. McManus sought a mistrial based on his alleged incompetency to proceed. Mr. McManus argued on direct appeal that the trial court erred in overruling the motions for mistrial because of the combinations of and reactions to the medications administered to him, which made him incompetent to stand trial. Mr. McManus claimed that the trial court's denial of his motion for mistrial "amounted to a finding that McManus was competent to stand trial." Mr. McManus was examined by psychiatrist Dr. Whitehead, who testified at the motion for mistrial hearing on May 7, 2002. At the conclusion of Dr. Whitehead's testimony, the trial court denied the motion for mistrial, explaining:

> I'm going to deny the motion. I'm convinced that it's either self-induced, or if not self-induced, it's something that's caused by this trial. I think these—this—these doctors are giving him the optimum treatment he can get. I'm convinced that we're not going to face any better situation the next time than what we're facing right now and I believe we can get through this trial in a proper fashion and that's what I want to do.

Mistrial Hearing Tr. at 69. The trial proceeded.

On direct appeal, Mr. McManus asserted that it was error for the trial court to deny his written motions and all oral motions for mistrial because he was incompetent to stand trial. The Indiana Supreme Court rejected this assertion of error. In doing so, the Indiana Supreme Court concluded:

> It is apparent that the trial court based its decision on continual reports from medical professionals who maintained contact with McManus throughout the trial. While the testimony was often equivocal, the consensus of the witnesses was that the medications assisted McManus in participating in his trial. Without the medications, McManus proved to be unable to cope with the stress of the proceeding. McManus= situation is markedly different from the defendant who requires medication to attain competence so that the trial can begin. Before trial, McManus was competent and participated in preparing his case. The administration of medication appeared to manage a sudden onset of stress, rather

than to medicate a diagnosed psychosis. Reliance on psychotropic drugs during trial is obviously to be approached with great care, and competency hearings to evaluate the effects on a defendant=s ability to appropriately participate in his or her defense are very important. In the case at bar, we cannot say that the trial court=s competency determination was clearly erroneous….

*McManus v. State*, 814 N.E.2d 253, 264 (Ind. 2004).

Mr. McManus filed an action for post-conviction relief in which, among other things, he spiced up his competency argument by claiming that he was prejudiced before the jury because he was tried while medicated. The trial court rejected the claim, stating in part in its Findings of Facts and Conclusions of Law:

> On direct appeal, McManus alleged that he was improperly found competent to stand trial. The Indiana Supreme Court affirmed the trial court's determination that McManus was competent to stand trial. Because this issue was already decided against McManus on direct appeal, the doctrine of *res judicata* prevents this Court from revisiting the issue. To the extent this claim was not raised on direct appeal, it is barred from review by procedural default…. Because this claim is barred from review by *res judicata* and procedural default and is without merit, McManus's claim is denied.

The trial court vacated his death sentence after finding that Mr. McManus was entitled to relief under *Atkins v. Virginia*, 536 U.S. 304 (2002). The Indiana Supreme Court reversed on this point, reinstated the death sentence, and otherwise affirmed the judgment denying post-conviction relief. *McManus v. State,* 868 N.E.2d 778 (Ind. 2007).

The Indiana Supreme Court addressed the competency claim in the following terms:

> McManus argues that he was not competent to stand trial and that his incompetence prejudiced him before the jury. The post-conviction court held these claims barred by *res judicata* because of our treatment of them in McManus= direct appeal. *See McManus*, 814 N.E.2d at 260-64. Still, McManus asserts that we did not address competency despite our conclusion that "we cannot say that the trial court's competency determination was clearly erroneous." *Id.* at 264. The post-conviction court was correct that McManus= competency claims are *res judicata*.

*McManus v. State,* 868 N.E.2d at 790.

## C. The Court's Entry

In determining whether Mr. McManus was entitled to federal habeas relief, this Court first reviewed the scope of federal habeas corpus relief in the wake of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and then noted the doctrine of procedural default. After doing so, this Court concluded that Mr. McManus "has not shown error in the trial court's determination of his competence to stand trial with respect to the process used, with respect to the facts found (which would require the showing of 'clear and convincing evidence' as prescribed by § 2254(e)(1)), with respect to the standard applied, or with respect to the result reached" and that the Indiana Supreme Court's determination during post-conviction proceedings that the competency claim was "barred by *res judicata*" constituted an adequate and independent state ground sufficient to bar federal review. *McManus v. Wilson*, 2011 WL 1257969, * 5-6.

Mr. McManus argues in his motion to alter or amend judgment that this Court erred in its finding of procedural default based on the Indiana Supreme Court's finding of *res judicata.* Mr. McManus' position has some merit in relation to semantics, but lacks merit in relation to substance.

In the course of considering the claim that Mr. McManus was forced to appear before the jury in a "drug-induced stupor," this Court noted that the independent and adequate state ground doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991). This Court then wrote: "*Res judicata* is such an adequate and independent state ground. *Franklin v. Gilmore,* 188 F.3d 877, 883 (7th Cir. 1999), *cert. denied,* 120 S. Ct. 1535 (2000)."

This Court's explanation of *res judicata* as Mr. McManus' procedural default is justly

5

criticized. *Davis v. Lambert*, 388 F.3d 1052, 1058 ((7th Cir. 2004)("'[W]e have repeatedly held that *res judicata* is not a bar to consideration of claims in a federal habeas action.'") (quoting *Moore v. Bryant,* 295 F.3d 771, 776 n.1 (7th Cir. 2002)). The use of the term in this case, however, is analogous to the called "drive-by jurisdictional rulings" made, and then discouraged, by the United States Supreme Court. *See Reed Elsevier Inc. v. Muchnick,* 130 S. Ct. 1237, 1244 (2010) ("Our recent cases evince a marked desire to curtail such drive-by jurisdictional rulings, which too easily can miss the critical differences between true jurisdictional conditions and nonjurisdictional limitations on causes of action.") (internal quotation marks and citations omitted).

Recognizing the imprecise use of the term *res judicata* in the court's ruling, however, does not invalidate the court's finding that there was a procedural bar to consideration of that claim on the merits. The court's decision rested on application of the independent and adequate state ground doctrine. This doctrine was and remains a viable component of habeas corpus jurisprudence.

> It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment. In the context of federal habeas proceedings, the independent and adequate state ground doctrine is designed to ensure that the States' interest in correcting their own mistakes is respected in all federal habeas cases. When a petitioner fails to properly raise his federal claims in state court, he deprives the State of an opportunity to address those claims in the first instance and frustrates the State's ability to honor his constitutional rights. Therefore, consistent with the longstanding requirement that habeas petitioners must exhaust available state remedies before seeking relief in federal court, we have held that when a petitioner fails to raise his federal claims in compliance with the relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review.

*Cone v. Bell,* 129 S. Ct. 1769, 1780 (2009) (internal citations omitted). "A federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state

6

law ground that is independent of the federal question and adequate to support the judgment.'" *Beard v. Kindler,* 130 S. Ct. 612, 615 (2009) (quoting *Coleman v. Thompson,* 501 U.S. 722, 729 (1991)). "The state law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Walker v. Martin,* 131 S. Ct. 1120, 1127 (2011) (citing *Wainwright v. Sykes,* 433 U.S. 72, 81–82, 90 (1977)).

Thus, the trial court found, and the Indiana Supreme Court recognized and agreed, that Mr. McManus was competent to stand trial. In doing so, the Indiana Supreme Court recognized that the trial court considered the evidence regarding Mr. McManus' motions for mistrial due to incompetency, recounted critical testimony and Mr. McManus's motions for a continuance or mistrial and concluded that, "we cannot say that the trial court's competency determination was clearly erroneous and therefore affirm the denial of McManus's motion for mistrial."

The specter of procedural default as to this second habeas claim was raised when Mr. McManus conceded that he had not presented the argument in his direct appeal. Indeed, this is the epitome of procedural default, which "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992), *cert. denied,* 508 U.S. 962 (1993).

Having again reviewed the pleadings and the record, this Court's decision pertaining to Mr. McManus' second habeas claim follows the path taken in *Daniels v. Knight*, 476 F.3d 426 (7th Cir. 2007). In *Daniels*, the Seventh Circuit considered the appeal of a former Indiana death row inmate who appealed the denial of his petition for writ of habeas corpus. Daniels had presented ineffective assistance of counsel claims in successive actions for post-conviction relief. In Daniels' appeal from the denial of his second post-conviction relief, the Indiana Supreme

Court explained that "the post-conviction court correctly held that Daniels' new claims of trial counsel ineffectiveness were barred by *res judicata* and waiver." *State v. Daniels*, 680 N.E.2d 829, 835 n.10 (Ind. 1977). Daniels argued in his habeas appeal that the claims in his second post-conviction relief action were not barred by the doctrine of waiver. The Seventh Circuit Court of Appeals looked carefully at precisely what the Indiana Supreme Court had done and then rejected Daniels' argument:

> Daniels argues, however, that the Supreme Court of Indiana's decision in *Daniels III* [*Daniels v. State,* 741 N.E.2d 1177, 1191 (Ind. 2001),] does not require a finding of procedural default, because we cannot reasonably discern whether that court based its holding upon the principle of res judicata or the principle of waiver. This distinction is important because an application of res judicata is not an adequate bar to federal review, but a finding of waiver is a procedural default prohibiting federal review. *See Moore v. Bryant,* 295 F.3d 771, 775-77 (7th Cir. 2002) (finding federal review not prohibited by state court's application of only *res judicata* to bar claim). As we have noted previously, "a state court's invocation of *res judicata* 'simply means that the state courts have already resolved the matter and want nothing more to do with it.'" *Id.* at 776 n.1 (quoting *Porter v. Gramley,* 112 F.3d 1308, 1316 (7th Cir. 1997)). A finding of waiver, on the other hand, "must be predicated on a meaningful opportunity to litigate the claim" and a finding that the litigant elected not to pursue the claim when presented with the opportunity to do so. *See Woods,* 701 N.E.2d at 1217-18.
>
> Contrary to Daniels' argument, it is clear from *Daniels III* that the Supreme Court of Indiana was relying on the principle of waiver. In its opinion in *Daniels III,* the Supreme Court of Indiana stated that its holding was based on waiver and articulated the rationale for its finding when it stated that "[a]though evidence related to Rowley might have helped Daniels' defense, none of these lines of inquiry except for Timothy Streett's identification were addressed either at trial or as examples of ineffective trial assistance at the first post-conviction proceeding." *Daniels III,* 741 N.E.2d at 1185. The basis for its waiver holding is most clearly expressed in its conclusion that "we reaffirm the sound and long-established principle that considerations of finality preclude re-litigation of previously available contentions in successive post-conviction proceedings." *Id.* The *Daniels III* court also clarified its understanding of the distinction between res judicata and waiver when it stated:
>
>> [W]e adhere to the view that claims of ineffective assistance of counsel, if litigated at the initial post-conviction proceeding, are barred by the doctrine of *res judicata* in successive petitions of

8

> post-conviction relief, and any acts or omissions of the trial counsel that were available in the first post-conviction proceeding but not raised are *waived* in a successive petition. This doctrine controls the disposition of this case.
>
> *Daniels III,* 741 N.E.2d at 1187 (emphasis added). We thus find that the Supreme Court of Indiana relied upon the doctrine of waiver to bar by procedural default all of Daniels' ineffective assistance of counsel claims, except his claim related to Streett's identification.

*Daniels v. Knight*, 476 F.3d at 431-32. What *Daniels* illustrates, therefore, is that the Indiana Supreme Court's use of the term "*res judicata*" can encompass both the concept of prior adjudication and the concept of waiver because a claim was previously available but was not raised. It was this Court's intent to make reference to the possibility of this dual rationale through its citation to *Lane v. Richards*, 957 F.2d 363, 366 (7th Cir.), *cert. denied,* 113 S. Ct. 127 (1992); *see also Liegakos v. Cooke,* 106 F.3d 1381, 1385 (7th Cir. 1997) (whether a ground is independent depends on state law and whether it is adequate depends on federal law). A more elaborate statement of the "parameters … under Indiana law with respect to the need to present issues in a direct appeal and the consequence of failing to do so" is:

> A post-conviction relief proceeding is not a substitute for trial and appeal, but is a process for raising issues that were unknown or not available at trial. *Davidson v. State,* 763 N.E.2d 441, 443 (Ind. 2002). If an issue was available on direct appeal but not litigated, it is deemed waived. *Madden v. State,* 656 N.E.2d 524, 526 (Ind.Ct.App. 1995).

*Conner v. Anderson*, 259 F.Supp.2d 741, 750 (S.D.Ind. 2003) (quoting *Smith v. State,* 774 N.E.2d 1021, 1022 (Ind.Ct.App. 2002)).

A similar situation was noted in *Durley v. Mayo,* 351 U.S. 277, 284-85 (1956) (dismissing habeas petition because claim was barred by state *res judicata* and thus was outside federal habeas jurisdiction), appears to be the reigning law in the Sixth Circuit as to the State of Ohio, *Jordan v. Sheets* 2012 WL 553091, 9 (S.D.Ohio 2012) ("The Court of Appeals for the

Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.,* the *Perry* rule, is an adequate ground for denying federal habeas relief.") (citing cases), and is mentioned favorably in *Smallwood v. Gibson,* 191 F.3d 1257, 1268 (10th Cir. 1999) (*res judicata* and waiver are considered "independent and adequate" grounds of procedural default when a petitioner had failed to assert the claims in his first post-conviction application), and *Morgan v. Fillion,* 2000 WL 235986, at *5 (S.D.N.Y. Jan. 31, 2000) *("[R]es judicata* is an additional independent and adequate state ground which bars federal habeas corpus review of the claims subject to it.").

**D.     Summation**

To summarize: The law in Indiana is that if an issue was available on direct appeal but not litigated, it is deemed waived. Indiana's doctrine of *res judicata* provides that when a claim could have been raised at a prior point but has not been, the claim is barred by the doctrine of *res judicata* in successive proceedings and any further submission of the same claim—if based on acts or omissions available in the earlier proceeding—is waived in the successive proceeding. *See Timberlake v. State,* 753 N.E.2d 591, 597 (Ind. 2001) ("If an issue was known and available, but not raised on direct appeal, it is waived. If it was raised on appeal, but decided adversely, it is *res judicata*.") (omitting internal citations); *Ben–Yisrayl v. State,* 738 N.E.2d 253, 758 (Ind. 2000) (when an issue has been presented and decided as part of a direct appeal, "the doctrine of *res judicata* applies, therefore precluding its review in post-conviction proceedings…. A petitioner for post conviction relief cannot escape the effect of claim preclusion merely by using different language to phrase an issue and define an alleged error.") (internal citations omitted). *Id.* (citing *Lowery v. State,* 640 N.E.2d 1031, 1037 (Ind. 1994)).

The Indiana Supreme Court's reference to *res judicata* as a bar to the re-presentation of Mr. McManus' tweaked competency argument in his cross-appeal from the trial court's partial

10

denial of his petition for post-conviction relief is equivalent to the rejection of the successive post-conviction claims as noted in *Daniels v. Knight*, 476 F.3d 426 (7th Cir. 2007).

This doctrine of *res judicata*—understood as encompassing in this instance the independent and adequate state ground doctrine—controls the disposition Mr. McManus' second claim in this case.

The Court has also considered the effect of Mr. McManus' view that the *res judicata* ruling by the Indiana Supreme Court was *not* a rejection based on procedural default. This would represent simply the Indiana Supreme Court's determination that the claim in the post-conviction appeal had been presented and decided in Mr. McManus' direct appeal. This Court agrees with the Superintendent's argument that the evidentiary basis for the post-conviction claim is the same as presented to support the competency challenge in the direct appeal. This means that the Indiana Supreme Court found no issue beyond Mr. McManus' challenge to his competency in the post-conviction action. This leads, in turn, to the recognition that the state courts' competency determination was found impervious to challenge under 28 U.S.C. § 2254(d). Mr. McManus has not challenged the court's ruling on the competency challenge—his first habeas claim—in his motion to alter or amend judgment, nor does this Court discern a basis upon which he could do so.

It is therefore evident that wholly apart from the procedural intricacies noted above, the second habeas claim lacks merit and would not support the award of the relief Mr. McManus sought in filing his petition for writ of habeas corpus.

### III. Conclusion

"[F]ederal courts must carefully examine state procedural requirements to ensure that they do not operate to discriminate against claims of federal rights." *Walker v. Martin*, 131 S. Ct.

11

1120, 1130 (2011) (citing authorities). In this case, the court did nothing more and nothing less. Waiver is a part of Indiana's doctrine of *res judicata.* Mr. McManus has not shown a manifest error of law in the outcome. *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent"). *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006) (Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact.@) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 529 (7th Cir. 2000)). Accordingly, Mr. McManus' Motion to Alter or Amend Judgment (Dkt. 55) is **DENIED**.

**SO ORDERED.**

Date: 03/27/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Joseph Martin Cleary
Collignon and Dietrick
jclearly498@aol.com

Marie F. Donnelly
mfdonnelly05@gmail.com

Kelly A. Miklos
Office of the Indiana Attorney General
kelly.miklos@atg.in.gov

Stephen R. Creason
Office of the Indiana Attorney General
stephen.creason@atg.in.gov