UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAUL M. McMANUS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv-1483-TWP-MJD |
| | ) | |
| BILL WILSON, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DISCUSSING PETITION FOR ISSUANCE OF CERTIFICATE OF APPEALABILITY**

Paul McManus' ("Mr. McManus") petition for a writ of habeas corpus was denied on April 1, 2011. *McManus v. Wilson,* 2011 WL 1257969 (S.D.Ind. 2011). His motion to alter or amend judgment was denied on March 27, 2012, and Mr. McManus has now filed a timely notice of appeal. He seeks the issuance of a certificate of appealability ("COA") as to four of the claims presented in his habeas petition. (Dkt. 64.)

**I. LEGAL STANDARD**

The Court reviews certain principles applicable to the resolution of Mr. McManus' habeas petition:

1. Because this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Mr. McManus' habeas petition could be granted only if the state court decision on the merits of the habeas claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000).

2. A state court's factual findings are presumed to be correct and the petitioner has the burden of rebutting them with clear and convincing evidence. 28 U.S.C. §2254(e)(1).

3. "[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable

in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003). A state-court decision is based on an unreasonable determination of the facts in light of the evidence presented if the petitioner shows by clear and convincing evidence that the state court's conclusion was based on factual error. *Wiggins v. Smith,* 539 U.S. 510, 528 (2003).

4. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

5. The AEDPA's requirements demonstrate "the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.,* (quoting *Jackson v. Virginia,* 443 U.S. 307, 332 n.5 (1979)).

6. "[A] state defendant does have a Fourteenth Amendment due process right to a fundamentally fair trial." *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004) (citing *California v. Trombetta,* 467 U.S. 479, 485 (1984)).

7. All of the foregoing, and the many principles governing the substantive challenges presented in this and similar habeas applications, are considered against the background that "[t]he habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

## II. **DISCUSSION**

Mr. McManus cannot appeal the denial of his petition for a writ of habeas corpus unless a circuit justice or judge issues a COA. *See* 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 327. As the Supreme Court has noted, when the district court has rejected the petitioner's constitutional claims on the merits, the showing required for the issuance of a COA under § 2253(c) is "straightforward: The petitioner must demonstrate that

2

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Mr. McManus' request for a COA is **granted** as to the following claim:

### A. Mr. McManus seeks a COA as to his claim that his execution is barred by the Eighth Amendment under Atkins v. Virginia, 536 U.S. 304, 306 (2001).

Mr. McManus claims that his execution is barred by the Eighth Amendment because he was mentally retarded at the time of the offense. Mr. McManus first presented this claim in his petition for post-conviction relief after the Supreme Court issued its decision in *Atkins*. In *Atkins,* the United States Supreme Court emphasized the importance of exempting mentally retarded defendants from execution. The post-conviction court found that Mr. McManus was mentally retarded, but the Indiana Supreme Court reversed the decision of the post-conviction court.

The Indiana Supreme Court's reversal on this point, however, was over the dissent of Justice Rucker and Justice Boehm. The argument of these dissenting justices was that the majority's decision did not give sufficient deference to the post-conviction court's finding of mental retardation. Although the dissenting justices' argument has no easy component in this federal habeas action because the majority's view appears to include a finding of fact which this court must accept under the circumstances, *Hall v. Zenk*, 2012 WL 3711879, *11 (7th Cir. Aug. 29, 2012), reasonable jurists could find this court's resolution of the *Atkins* claim debatable. Accordingly, McManus' request for a COA is **granted** as to his *Atkins* claim. This grant recognizes that this issue may be viewed as close call, however "[i]n death penalty cases, any doubts as to whether the COA should issue are resolved in favor of the petitioner." *Moore v. Quarterman*, 534 F.3d 454, 460 (5th Cor. 2008).

Mr. McManus' request for a COA is **denied** as to the following claim for the reasons noted:

**B.     Mr. McManus seeks a COA as to his claim that he was forced to appear before the jury in a drug-induced stupor in violation of *Riggins v. Nevada*, 504 U.S. 127 (1992).**

Mr. McManus claims that he did not receive a fair and reliable sentencing determination because he was forced to appear before the jury in a drug-induced stupor.  The Supreme Court in *Riggins* emphasized the due process protection against forced medication unless there is a medical necessity present.  This Court first addressed Mr. McManus' *Riggins* claim procedurally and determined that Mr. McManus had not fairly presented a federal constitutional claim at his direct appeal and accordingly, Mr. McManus waived this claim.  *McManus*, 2011 WL 1257969 at *6.  In addition, the Indiana Supreme Court held that the post-conviction court was correct in concluding that Mr. McManus' competency claims are *res judicata.*  This Court recognized the *res judicata* determination as an independent and adequate state ground that bars the claim in a federal habeas petition unless Mr. McManus could show cause an actual prejudice or demonstrate that failure to consider the claim would result in a fundamental miscarriage of justice. This Court concluded, "McManus has not done so here. McManus' claims that he was forced to appear before the jury in a drug-induced stupor in violation of *Riggins* does not support the award of federal habeas relief."  *McManus*, 2011 WL 1257969 at *6.   Under the constitutional standard established by *Riggins*, Mr. McManus cannot demonstrate that "reasonable jurists would find the court's assessment of his [*Riggins*] claim debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, his request for a COA on his claim that he appeared before the jury in a drug-induced stupor is **denied**.

**C.     Mr. McManus seeks a COA as to his claim that he was not competent to stand trial due to ingestion of medication.**

This Court reviewed the competency claim and has noted the Indiana Supreme Court's discussion of Mr. McManus' competency claim:

> It is apparent that the trial court based its decision on continual reports from medical professionals who maintained contact with McManus throughout the trial. While the testimony was often equivocal, the consensus of the witnesses was that the medications assisted McManus in participating in his trial. Without the medications, McManus proved to be unable to cope with the stress of the proceeding. McManus' situation is markedly different from the defendant who requires medication to attain competence so that the trial can begin. Before trial, McManus was competent and participated in preparing his case. The administration of medication appeared to manage a sudden onset of stress, rather than to medicate a diagnosed psychosis. Reliance on psychotropic drugs during trial is obviously to be approached with great care, and competency hearings to evaluate the effects on a defendant's ability to appropriately participate in his or her defense are very important. In the case at bar, we cannot say that the trial court's competency determination was clearly erroneous . . . .

*McManus I*, 814 N.E.2d at 264.

Thus, the state trial court found, and the Indiana Supreme Court recognized and agreed, that Mr. McManus was competent to stand trial.  That determination is to be treated as a finding of fact for federal habeas purposes.  This was the conclusion reached in *Maggio v. Fulford,* 462 U.S. 111, 117 (1983) (per curiam), as cited in *Thompson v. Keohane,* 516 U.S. 99, 111 (1995), and *Wallace v. Ward,* 191 F.3d 1235, 1243-44 (10th Cir. 1999), and similar circumstances were discussed by Judge McKinney in *Woods v. Anderson,* 302 F.Supp.2d 915, 927 (S.D.Ind. 2004). Mr. McManus has not rebutted the state court's findings by clear and convincing evidence. Likewise, Mr. McManus has not shown error in the trial court's determination of his competence to stand trial with respect to the process used, with respect to the facts found (which would require the showing of "clear and convincing evidence" as prescribed by § 2254(e)(1)), with

respect to the standard applied, or with respect to the result reached. Thus, Mr. McManus is not entitled to relief on this ground. *McManus,* 2011 WL 1257969 at *5.

The presumption of correctness that attaches to the Indiana court's factual findings in Mr. McManus' federal petition for a writ of habeas corpus were not rebutted by clear and convincing evidence. And, Mr. McManus cannot show that reasonable jurists would find this court's assessment of his competency to stand trial claim under the AEDPA either "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, Mr. McManus' request for a COA on this claim is **denied**.

**D.      Mr. McManus seeks a COA as to his claim that counsel's performance during the penalty phase violated his right to counsel as guaranteed by the Sixth Amendment.**

Mr. McManus claims that his counsel failed to competently prepare for the penalty phase of the proceedings including a failure to: (1) properly investigate records and witnesses regarding his education; (2) identify and interview friends and family as mitigation witnesses; (3) investigate whether Mr. McManus was mentally retarded; and (4) provide mental health experts to make an assessment of Mr. McManus. Mr. McManus claims that these omissions resulted in an incomplete picture as to evidence of his mental retardation, persistent ADHD, bipolar disorder and evidence of the impact these conditions had on his life and functioning at the time of the offense. This Court determined that the Indiana courts recognized the controlling law governing a claim of ineffective assistance of counsel at the penalty phase and that circumstances which would defeat AEDPA's deference to the decisions of the state courts were not present. Furthermore, this Court noted that "McManus has not shown by clear and convincing evidence that the various recitations of evidence or factual findings by the Indiana state courts are not correct." *McManus*, 2011 WL 1257969 at *14.

Under *Strickland v. Washington*, 466 U.S. 668, 686 (1984), the standard for judging any claim of ineffectiveness is "whether counsel's conduct so undermined the proper functioning of

6

the adversarial process that the trial cannot be relied on as having produced a just result." This Court specifically addressed Mr. McManus' argument as to counsel ineffectiveness at the penalty phase:

> It has been noted that "only a clear error in applying *Strickland's* standard would support a writ of habeas corpus," *Holman v. Gilmore,* 126 F.3d 876, 8882 (7th Cir. 1997). While such errors do occur, *e,g., Brown v. Sternes,* 304 F.3d 677 (7th Cir. 2002); *Roche v. Davis*, 291 F.3d 473 (7th Cir. 2002), no such error occurred in the representation McManus received in the trial court. Accordingly, he is not entitled to relief as to this claim.
>
> This Court has also concluded, independent of the deference commanded by the AEDPA to the Indiana Supreme Court's finding of no inadequate performance, that McManus was not prejudiced by the representation he received.

*McManus*, 2011 WL 1257969 at *14. Under the constitutional standard established by *Strickland*, Mr. McManus cannot demonstrate that "reasonable jurists would find the court's assessment of his ineffectiveness claims debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, Mr. McManus' request for a COA on his claim of ineffectiveness of counsel is **denied**.

### III. CONCLUSION

For the reasons explained herein, Mr. McManus' petition for a certificate of appealability (Dkt. 64) is **GRANTED** as to the Atkins claim and is in all other respects **DENIED.**

SO ORDERED.

Dated:    10/04/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Stephen R. Creason
stephen.creason@atg.in.gov

Kelly A. Miklos
kelly.miklos@atg.in.gov

Joseph M. Cleary
jcleary498@aol.com

Marie F. Donnelly
mfdonnelly05@gmail.com